UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
GABRIEL FRANCIS,                                            :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
                                    Plaintiff,              :
                                                            :   15 Civ. 3624 (BMC)
            - against -                                     :
                                                            :
AMCA OR AMERICAN MEDICAL                                    :
COLLECTION AGENCY,                                          :
                                                            :
                                    Defendant(s).           :
----------------------------------------------------------- X

**COGAN**, District Judge.

This is an action seeking damages "and declaratory and injunctive relief" for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. It is before me on plaintiff's second motion for a default judgment. The motion is granted to the extent set forth below.

## BACKGROUND

The complaint alleges that defendant collection agency reported plaintiff's debt account to credit bureaus. Plaintiff called defendant and advised its representative that he intended to dispute the debt. Plaintiff asked the representative to have the debt removed from his credit report, but the representative said that defendant could not do that. Instead, she told him that he had to contact the credit bureaus to have it removed. Plaintiff asserts that this advice violated 15 U.S.C. § 1692e, both its preface and subsection (10), because it was a false statement. This, in turn, is based on plaintiff's allegation that all that the credit bureaus would have done if he had reported the debt as disputed to them would be to list it as disputed, not remove it, and then investigate by contacting defendant and inquiring as to its validity.

Defendant failed to answer despite facially valid service, and the Clerk noted defendant's default upon the record.  The Court directed plaintiff to move for default judgment, "including detailed proof of actual damages, if plaintiff is claiming any, within 14 days, failing which this case will be dismissed."

Plaintiff then filed his first default judgment motion.  It consisted of a 2 ½ page attorney's affirmation that gave no proof of damages, let alone detailed proof of damages, except to say that "[t]his statutory violation provides for a fine of $1,000.00.  Plaintiff also was damaged by Defendant's actions and will prove said damages at a hearing on damages to be held by this Court.  Plaintiff also incurred legal fees and court costs, to be proven at the hearing on damages." The Court denied this motion

> without prejudice to renewal in the form required by this Court's prior Order of today's date.  Counsel's statement that "plaintiff will prove his damages at a hearing to be held by this Court" is inconsistent with this Court's Order.  Plaintiff is required to file a detailed affidavit setting forth his damages and upon reviewing it, the Court will determine whether a hearing is required.

Plaintiff thereupon renewed his motion.  Again, however, the only evidence submitted was a 2 ½ page attorney's affirmation that stated the following with regard to damages in its entirety:

> This statutory violation provides for a fine of $1,000.00.  In addition, the following legal fees have been incurred:  $2,000.00 for M. Harvey Rephen & Associates, P.C., (5 hours at $400.00 per hour), pre-litigation Counsel.  These fees are comprised of negotiations and telephone conversations held with Defendant and/or Defendant's Counsel and meetings held with Plaintiff; $2,000.00 flat fee for services rendered by Edward B. Geller, Esq., P.C., litigation Counsel (preparation and filing of summons and complaint, preparation and filing of motions for entry of default and default judgment, anticipated fees for enforcement of the judgment), $3,500.00 for emotional distress incurred by Plaintiff due to Defendant's statutory violations (Defendant's providing inaccurate information to Plaintiff regarding the status of a disputed matter on his credit report.)  Due to this action by Defendant, Plaintiff was denied credit.  His attempts to obtain accurate information from Defendant were denied, causing him

mental anguish. Finally, costs were incurred in the amount of $500.00 (filing summons and complaint, and process server fees.) These claims total $9,000.00.

## DISCUSSION

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability.

It is equally well settled that on a motion for a default judgment, the default does not constitute an admission as to the damages claimed in the complaint. See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested. See Greyhound Exhibitgroup, 973 F.2d at 158; Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or may rely upon the affidavits and other documentary evidence provided by plaintiff, obviating the need for a hearing on damages. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Co., 109 F.3d 105, 111 (2d Cir.1997).

Plaintiff's counsel has twice disregarded this Court's direction to submit detailed proof of damages. Each element of damages claimed in the attorney's affirmation is either inadequately substantiated or not substantiated at all.

First, the Court presumes that plaintiff's reference to "a fine of $1,000.00" refers to statutory damages under 15 U.S.C. § 1692k(a). That statute provides, in part:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –
>
> (1) any actual damage sustained by such person as a result of such failure;

3

> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . ..

In determining the appropriate amount of statutory damages, the statute further requires me to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . .." Id. at § 1692k(b)(1).

"All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000 ceiling." Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998). Awards of the statutory maximum are typically granted where the defendant's violations are "particularly egregious or intimidating." Cordero v. Collection Co., Inc., No. 10 Civ. 5960, 2012 WL 1118210, at *2 (E.D.N.Y. Apr. 3, 2012).

Plaintiff has given me no evidence to suggest that the noncompliance alleged in the complaint is frequent or persistent. It is not a course of conduct, but a single instance of a violation. As to the nature of the noncompliance, it is not severe. Although I accept the literal description of defendant's statement in the complaint and therefore consider it false, it is equally conceivable that in a discussion about the interactions between a debt collector and several credit bureaus, there was simply a miscommunication, or even a misunderstanding by plaintiff as to what he was being told. In this regard, I note that plaintiff has given me no affidavit as to what was actually said. For the same reason, plaintiff has failed to prove that the noncompliance was intentional. Based on the minimal showing that plaintiff has made, I determine that the proper amount of statutory damages is $400.

As to plaintiff's claim for "$3,500.00 for emotional distress," plaintiff has offered no proof of any emotional distress save for the hearsay allegation in his attorney's affirmation. He

has therefore failed to show a basis for awarding actual damages. See Manopla v. Bryant, Hodge & Assocs., LLC, No. 13 Civ. 338, 2014 WL 793555, at *7 (D. N.J. Feb. 26, 2014) ("While affidavits detailing emotional distress have been held to be sufficient to support a claim for actual damages, those affidavits should be more than conclusory or boilerplate statements."); Hoffman v. GC Servs. Ltd. P'ship, , No. 08 Civ. 255, 2010 WL 9113645, at *19 (E.D. Tenn. Mar. 3, 2010) ("To obtain emotional damages under the FDCPA, the plaintiff must provide actual evidence of distress and injury, not merely conclusory statements."); Tallon v. Lloyd & McDaniel, 497 F.Supp.2d 847, 850 (W.D. Ky. 2007) ("When the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail and cannot simply rely on conclusory statements." (quoting Breed v. Nationwide Ins. Co., No. 05 Civ. 547, 2007 WL 1231558, at *3 (W.D. Ky. Apr. 24, 2007))).

Plaintiff's claim for attorneys' fees and costs suffers from the same inadequacy of proof. Although 15 U.S.C. § 1692k(a)(3) provides for an award of attorneys' fees, it is subject to the same standard of proof attendant to any application for attorneys' fees. The Second Circuit and the Supreme Court "have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany Cnty. Bd. of Elections, 522 F.3d 182, 183 (2d Cir. 2008)). "The reasonable hourly rate is the rate a paying client would be willing to pay." Arbor Hill, 522 F.3d at 190. "[W]hether the calculation is referred to as the lodestar or the presumptively reasonable fee, courts will take into account case-specific factors to help determine the reasonableness of the hourly rates and the number of hours expended." Pinzon v. Paul Lent Mech. Sys., Inc., No. 11 Civ. 3384, 2012 WL 4174725, at *5

5

(E.D.N.Y. 2012), adopted by, 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012). These factors include:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

Arbor Hill, 522 F.3d at 184. Although a court may adjust the lodestar calculation, that should only happen in "those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 543, 130 S. Ct. 1662, 1667-68 (2010).

Moreover, when submitting a fee request, the moving party is required to submit contemporaneous time records, affidavits, and other materials to support his fee request. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983); see also Abrahmov v. Fidelity Information Corp., No. 12 Civ. 3453, 2013 WL 5352473, at *4 (E.D.N.Y. Sept. 23, 2013) (citing Carey, 711 F.2d at 1147-48). A number of courts have found that an applicant's failure to submit such records provides, by itself, grounds to reduce or to deny a fee award, correctly noting that the absence of such details makes it nearly impossible for the court to assess the reasonableness of the time spent on each activity and the appropriate rate to apply. See Williams v. New York City Hous. Auth., 975 F. Supp. 317, 327 (S.D.N.Y. 1997).

The deficiencies in plaintiff's request for attorneys' fees and costs are extensive. First, plaintiff seeks "$2,000.00 for M. Harvey Rephen & Associates, P.C., (5 hours at $400.00 per

hour), pre-litigation Counsel. These fees are comprised of negotiations and telephone conversations held with Defendant and/or Defendant's Counsel and meetings held with Plaintiff." I do not know what M. Harvey Rephen & Associates is. It is not counsel of record. I do not know the experience or even the name of its attorney or attorneys who worked on this matter. The boilerplate description of "negotiations and telephone conversations" is too vague to permit any award.

Similarly, the additional request of "$2,000.00 flat fee for services rendered by Edward B. Geller, Esq., P.C., litigation Counsel (preparation and filing of summons and complaint, preparation and filing of motions for entry of default and default judgment; anticipated fees for enforcement of the judgment)" does not permit any award. This summary of services is not an adequate substitute for contemporaneous time records. "[C]ontemporaneous time records . . . [must] specify, for each attorney, the date, the hours expended, and the nature of the work done." Carey, 711 F.2d at 1148. Plaintiff has given me no way to compute a lodestar fee so that I can determine whether the flat fee is reasonable; reliance on a flat fee retainer agreement is inadequate. See Onewest Bank, N.A. v. Cole, No. 14 Civ. 3078, 2015 WL 4429014, at *6-7 (E.D.N.Y. July 17, 2015) ("Even where there is a flat rate agreement, the Court must still examine whether the fee is reasonable, and it does so by calculating the presumptively reasonable fee via the lodestar method and comparing it to the flat fee amount"); Pena v. San Miguel Transp., Inc., No. 14 Civ. 1463, 2015 WL 1938144, at *2 (S.D.N.Y. Apr. 7, 2015) (even with a contingent fee arrangement, "counsel must provide a factual basis for a fee award that should include some reference to contemporaneous time records."). I have been told nothing about plaintiff's attorney's experience in FDCPA cases or indeed any legal practice. I cannot

apply any of the factors required to determine the reasonableness of the fee because plaintiff's attorney has given me no information.

Finally, plaintiff asserts a request for costs. He seeks the conveniently rounded lump sum of $500, telling me only that this combined total consists of filing fees and service costs. "Where an attorney fails to provide suitable documentation to substantiate the costs incurred, a court may decline to award any costs." Savarese v. Cirrus Design Corp., No. 09 Civ. 1911, 2010 WL 532289, at *7 (S.D.N.Y. Feb. 8, 2010), adopted by, 2010 WL 815027 (S.D.N.Y Mar. 9, 2010); see also I.L.G.W.U. Nat'l Ret. Fund v. ESI Grp., Inc., No. 92 Civ. 597, 2003 WL 135797, at *4 (S.D.N.Y. Jan. 17, 2003) ("[A] failure [to submit any bills or receipts for expenses] can be fatal to a request for expenses."). However, where "there is no doubt that there were legitimate expenses in th[e] case, the Court [may] exercise its discretion [and award costs]." I.L.G.W.U., 2003 WL 135797, at *4. Since the docket sheet reflects a filing fee of $400, I will award that amount in costs.

## **CONCLUSION**

Plaintiff's second motion for a default judgment [8] is granted. The Clerk is directed to enter judgment in the amount of $400 in damages and $400 in costs, for a total of $800.

**SO ORDERED.**

                                                  U.S.D.J.

Dated: Brooklyn, New York
       August 6, 2015